UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**LORENZO M. BARNETT**                                                                     **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 1:20-CV-P86-GNS**

**STEPHEN HARMON et al.**                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Lorenzo M. Barnett, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will dismiss this action.

### I. STATEMENT OF CLAIMS

Plaintiff is a convicted prisoner incarcerated at the Warren County Regional Jail (WCRJ). He names as Defendants Emily Koehler, Aramark Food Service Director, in her individual and official capacities, and Warren County Jailer Stephen Harmon in his individual capacity. Although his complaint is on a prisoner civil-rights complaint form, he cites as the basis for jurisdiction "state tort laws KRS 71.040."

Plaintiff states that on March 9, 2020, during the lunch meal, his upper right tooth was broken off at the gum and pierced the side of his tongue. He states that the cause of the broken tooth was "due to the toast on the grilled sandwich being well over cooked." He states that he would like to be reimbursed for the costs of his nurse and dentist visits and asks for punitive damages of $110,000.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff states that he brings this action under state tort law. Specifically, he refers to Ky. Rev. Stat. § 71.040, which provides as follows:

> At the time of booking, the jailer shall receive and keep in the jail all persons who are lawfully committed thereto, until they are lawfully discharged, unless the person is in need of emergency medical attention, in which case the arresting officer shall obtain medical attention for the person prior to delivery to the jail. The jailer shall treat them humanely and furnish them with proper food and lodging during their confinement. He shall deliver those who die in jail to their friends, if requested, or have them decently buried at the expense of the county.

Ky. Rev. Stat. § 71.040.

However, the Court does not have jurisdiction over solely state-law tort claims, unless the complaint meets the requirements for diversity jurisdiction, which this complaint does not.[1]

---

[1] For a federal court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, both Plaintiff and Defendant Harmon live in Kentucky.

Affording the complaint a liberal construction because Plaintiff is proceeding *pro se*, the Court will examine the complaint to determine whether Plaintiff has alleged a violation of constitutional or federal law which would be a reviewable claim pursuant to § 1983.

Plaintiff's allegation is that due to being served a grilled sandwich with very overcooked toast, his tooth was broken, resulting in pain to Plaintiff and requiring the tooth's removal. As such, he alleges a one-time occurrence of improperly prepared toast.

As a convicted prisoner, Plaintiff is protected from cruel and unusual punishment by the Eighth Amendment, which prohibits conduct by prison officials that involves the "'unnecessary and wanton infliction of pain.'" *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "deliberate indifference to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (internal quotations omitted). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). In this case, Plaintiff fails to allege that Defendant Koehler, the Aramark Food Service Director, or Defendant Harmon, the Jailer, was actually aware of the overcooked toast. Nor does Plaintiff allege facts showing that the bread was deliberately overtoasted.

Moreover, a single incidence of ill-prepared food, even contaminated food, does not rise to the level of a constitutional violation. *Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017) ("Isolated exposure to foreign bodies in food, including those of rodents and insects, does not constitute an Eighth Amendment violation."); *Lutman v. Cathey*, No. 3:13-CV-289-RJC, 2013 WL 5536800, at *3 (W.D.N.C. Oct. 4, 2013) (finding that prison food provider was, at most, negligent in serving plaintiff food with a dime in it on which plaintiff broke his tooth). At most, Plaintiff alleges that the preparation of his food was negligent, and "[m]ere negligence is not sufficient to give rise to any constitutional claim." *Brown v. McKnight*, No. 7:09-CV-00038, 2009 WL 734965, at *3 (W.D. Va. Mar. 19, 2009).

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: October 22, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Warren County Attorney
4416.009

4